UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CORBIN DALE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-324-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF PARIS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This action is scheduled for trial beginning February 22, 2022.  Plaintiff Corbin Dale, an African American lineman employed in the Defendant City of Paris' (the "City") Electric Department, maintains the following claims against the defendant: (1) federal Title VII and Kentucky Civil Rights Act ("KCRA") racial discrimination claims relating to the City's issuance of a Last Chance Agreement and twelve-month probationary period in April 2020; (2) a KCRA retaliation claim relating to the same disciplinary action; and (3) a KCRA racial discrimination claim relating to the City's promotion of Andrew Steele, who is white, rather than the plaintiff, in 2021.  [*See* Record No. 63, p. 44.]

The City has objected to the introduction of the personnel files of Electric Department Superintendent Aaron Sparkman and Daron Jordan, who served as the City's city manager during all times relevant to this action, on relevance grounds.  Plaintiff's Exhibit 10, entitled "Aaron Sparkman Personnel File," contains: employee performance and evaluation reviews dating from 2006 to 2020; the Electric Department Rules and Guidelines for Safe Work Practices relating to "hot work" promulgated by Sparkman on September 24, 2018; pay raises

- 1 -

dating from 2005 to 2018; a 2016 workers' compensation notice concerning approved providers; 2007 and 2013 acknowledgements of the City's Personnel Policy and Procedure Manual; a 2009 "Needed Staff Information/Census" form; documents relating to promotions within the Electric Department; a County Employees Retirement System deduction from 2006; and Sparkman's 2005 Electric Department job application.  Plaintiff's Exhibit 11, entitled "Aaron Sparkman Supplemental Personnel File," includes: the 2014 "Procedures for Energizing New or Old Transformer" promulgated by Steve Sexton, the former superintendent of the Electric Department; documents concerning six disciplinary incidents involving Sparkman from 2007 to 2010;[1] and an "Employee Record" documenting Sparkman's raises and position changes within the Electric Department from 2005 to 2007.

Plaintiff's Exhibits 13 and 14 contain Jordan's 2017 acknowledgement that he had received the City's Personnel Policy and Procedure Manual and a 2017 oath of office form, respectively.[2]  Plaintiff's Exhibit 15 contains: a 2020 performance evaluation; various contractual, intake, and background check documents relating to Jordan's hire in 2017; and a 2017 pay raise letter.

Evidence is relevant under the Federal Rules of Evidence if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

---

[1]  These incidents are discussed in the Court's Memorandum Opinion and Order addressing the defendant's motion for summary judgment.  [*See* Record No. 63, pp. 8, 42.]  In brief, they concern truck and/or equipment-related accidents, as well as one occasion where Sparkman left his phone on silent and was unable to respond to a "trouble call."  [*Id.* at p. 8.]

[2]  During the February 11, 2022 pretrial conference, the defendant indicated that its objection generally pertained to Exhibits 10 and 11 (Sparkman's personnel files) and Exhibit 15 (Jordan's main personnel file).  Exhibits 13 and 14 contain single documents akin to those of the personnel files and, absent any indication to the contrary, the defendant's objection appears to encompass these exhibits as well.

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401(a)-(b).  Rule 402 provides that "[i]rrelevant evidence is not admissible."

"As always, the burden of showing admissibility of evidence is on its proponent," *i.e.*, Dale.

*In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liability Litig.*, 512 F.

Supp. 3d 803, 812 (S.D. Ohio 2021) (citing *United States v. Brika*, 416 F.3d 514, 529 (6th Cir.

2005)).

During the pretrial conference, the plaintiff asserted that the personnel files at issue are

relevant because they contain disciplinary records.  The plaintiff contended that the City had

previously considered employees' disciplinary records when making promotional decisions

and had decided to promote individuals who, like Dale, had prior disciplinary incidents.  The

thrust of this argument is that evidence of prior promotions for employees with disciplinary

records demonstrates that the City could not reasonably rely on Dale's disciplinary record as

a legitimate, nondiscriminatory reason for denying him the foreman promotion in 2021.

There are several problems with the plaintiff's argument.  First, as indicated above, the

vast majority of the documents contained in these exhibits are completely unrelated to prior

disciplinary incidents.  Next, Jordan's files, which contain no disciplinary records, say nothing

about the promotional practices within the Electric Department because Jordan was the city

manager and did not work in the Electric Department.  Additionally, the record indicates that

Jordan was an external hire and was not promoted from within the City's ranks.  [*See* Record

No. 45, pp. 16:21-17:4.]

The documents in Sparkman's files that actually relate to prior disciplinary incidents

comprise part, but not all, of Plaintiff's Exhibit 11.  These documents also are not probative of

any fact of consequence remaining in this action.  As the defendant noted during the pretrial conference, Sparkman is not the comparator for the purposes of the *McDonnell Douglas* prima facie case of Dale's failure-to-promote claim.  Instead, Steele, *i.e.*, the white lineman who was promoted to foreman in 2021, is the comparator because he was a similarly situated employee outside the protected class who "received [a] promotion[] at the time the plaintiff's request for promotion was denied."  *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 812-13 (6th Cir. 2011); [Record No. 63, pp. 27, 30-31].

There may not be a categorical ban on evidence pertaining to the promotional circumstances of non-comparators.  For example, in *Sprint/United Management Co. v. Mendelsohn*, "the District Court excluded testimony by nonparties alleging discrimination at the hands of supervisors of the defendant company who played no role in the adverse employment decision challenged by the plaintiff."  552 U.S. 379, 380 (2008).  The Supreme Court determined that there is no *per se* rule that such evidence is relevant or irrelevant, concluding instead that "[t]he question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case."  *Id.* at 388.  The United States Court of Appeals for the Sixth Circuit has articulated other factors for weighing the relevance of such evidence, including "temporal and geographical proximity, whether the various decisionmakers knew of the other decisions, whether the employees were similarly situated in relevant respects, or the nature of each employee's allegations of retaliation."  *Griffin v. Finkbeiner*, 689 F.3d 584, 599 (6th Cir. 2012) (citations omitted).

- 4 -

These cases are distinguishable because they involve "other acts" evidence, which, "[i]n the employment-discrimination-law context, . . . consists of testimony or other evidence of discrimination by the employer against non-party employees." *Id.* at 598-99. Here, the disciplinary records do not purportedly relate to prior discrimination by the City, but rather prior promotions involving an employee with a disciplinary record. But these cases are instructive insofar as they require an individualized, rather than categorical, determination of whether an employer's prior actions involving a non-comparator are relevant.

Having considered the various circumstances pertinent to that determination, the undersigned does not find evidence of Sparkman's prior disciplinary history relevant. The promotional decisions at issue all took place in the same relatively small environment, namely, the City's Electric Department, but Sparkman indicated in his deposition that he was promoted to foreman in 2011 or 2012, served as acting superintendent in 2017, and took that position permanently in 2018. [*See* Record No. 50, pp. 20:15-25:7.] These promotions all predated the events at issue in this case.

And while Dale has offered an argument for why a non-comparator's disciplinary history could conceivably be relevant to his failure-to-promote claim, Sparkman's disciplinary history is not actually pertinent to his theory of the case. All of Dale's active claims against the City involve allegedly discriminatory and/or retaliatory conduct by Sparkman as a primary decisionmaker, and the same is true of most of his claims that have been dismissed. Sparkman promulgated the hot work policy that he later claimed Dale violated when he disciplined the plaintiff with the August 2019 one-day suspension. [*See* Record No. 42-3.] Sparkman, along with Human Resources Director Erin Morton, also issued Dale the Last Chance Agreement and twelve-month probationary period in April 2020. [Record No. 42-7] And as for the

promotion at issue here, Sparkman testified that "ultimately[,] it was [his] decision to promote Andrew Steele."  [Record No. 50, p. 96:4-5]

The fact that other decision-making individuals in the City may have promoted Sparkman despite his disciplinary record is not probative of whether the City's 2021 promotional decision was discriminatory because the evidence suggests that Sparkman himself acted as a primary decisionmaker in selecting Steele (rather than Dale) to be foreman.  While other factors may bear on the relevance of this evidence to the promotional practices alleged by the plaintiff, this consideration overwhelmingly favors exclusion of Sparkman's disciplinary records.

In summary, most of the documents in the challenged exhibits do not pertain to the disciplinary history of Sparkman or Jordan.  Further, Jordan's files do not have any relation to the Electric Department's promotional practices.  And to the extent some of the documents contained in Sparkman's files do concern his disciplinary history, the plaintiff's relevancy argument is unavailing because, *inter alia*, Sparkman was not a decisionmaker responsible for granting his own promotions, in contrast to the allegedly discriminatory promotional decision at issue in this case.  Dale has not demonstrated the relevance of Plaintiff's Exhibits 10, 11, 13, 14, and 15, and he will be precluded from offering them at trial.

Accordingly, it is hereby

**ORDERED** that Defendant City of Paris' objection to the introduction of Aaron Sparkman and Daron Jordan's personnel files is **SUSTAINED**.  Plaintiff Corbin Dale is precluded from introducing Plaintiff's Exhibits 10, 11, 13, 14, and 15 at trial.

Dated:  February 15, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky